UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BADER FAMILY FOUNDATION,<br>1236 N. Stafford St., Arlington, VA 22201<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE<br> INTERIOR,<br>1849 C Street, NW, Washington, DC 20240<br><br>   and<br><br>NATIONAL PARK SERVICE,<br>1849 C Street NW<br>Washington, DC 20240<br><br>        Defendants. | Civil Action No. 24-511 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff alleges as follows, against the defendants United States Department of the Interior (DOI) and National Park Service (NPS):

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for improper withholding of agency records.

2) Plaintiff seeks to compel production under two FOIA requests it submitted to the defendants on January 8, 2024, about the William Penn statute in Welcome Park, the potential removal of the statue from Welcome Park, and the park's rehabilitation. William Penn was the founder of Pennsylvania.

3) Defendants have failed to provide plaintiff with the records requested in its FOIA requests, and failed to provide the determinations in response to plaintiff's FOIA requests mandated by 5 U.S.C. § 552(a)(6)(A)(i)&(ii).

1

4) FOIA generally requires an agency to provide a determination of the number of responsive records it intends to release or withhold within 20 working days after receiving the request. *See* 5 U.S.C. § 552(a)(6)(A)(i).

5) As the D.C. Circuit explained, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline of 20 working days. (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

6) Defendant DOI acknowledged receiving plaintiff's FOIA request in a January 9, 2024 letter. That letter indicated an intent to respond within 30 working days, saying "You can expect to hear from us promptly regarding the outcome of this search," although DOI said it would be "taking a 10-workday extension under 43 C.F.R. § 2.19."

7) But more than 30 working days later, it still has provided no determination, no responsive records, and no information about the outcome of the search.

8) And the statutory deadline for issuing a determination has passed.

9) Defendant NPS acknowledged receiving plaintiff's FOIA request in a January 12, 2024 letter. It refused to release records responsive to items 1, 2, 3 and 8 of plaintiff's FOIA request on the grounds that those items supposedly did "not adequately describe the records sought," while indicating that it was "not the record holder" for "items 4-7 of your request."

10) Plaintiff appealed NPS's determination to withhold the records responsive to items 1, 2, 3 and 8 of its request, to the FOIA/Privacy Act Appeals Office on January 12, 2024.

11) An agency must provide a valid determination on appeal in response to an administrative appeal within twenty working days after it receives the FOIA requester's appeal, *see* 5 U.S.C. § 552(a)(6)(A)(ii).

12) The 20-day deadline for responding to plaintiff's appeal expired on February 13, 2024.

13) But no determination has been issued in response to plaintiff's appeal, even though the deadline for responding to the appeal has passed.

14) Thus, NPS has failed to provide plaintiff with either the records requested in its FOIA request, or the determination in response to plaintiff's appeal mandated by 5 U.S.C. § 552(a)(6)(A)(ii).

15) Because each defendant failed to provide a required determination, and failed to provide the records requested, plaintiff has filed this lawsuit to compel them to comply with the law.

## **PARTIES**

16) The plaintiff, the Bader Family Foundation (BFF), is a non-profit, 501(c)(3) tax-exempt foundation located in Arlington, Virginia.

17) Defendant U.S. Department of the Interior is a federal agency covered by FOIA, 5 U.S.C. § 552(f)(1). It is headquartered in Washington, DC. It has possession, custody, and control of the records Plaintiff seeks from it.

18) Defendant National Park Service is a federal agency covered by FOIA, 5 U.S.C. § 552(f)(1), and a component of DOI. It is headquartered in Washington, DC. It has possession, custody, and control of the records Plaintiff seeks from it.

## **JURISDICTION AND VENUE**

19) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

20) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1), because defendants are federal agencies; because defendants are located in Washington, D.C; and also because responsive records are located in Washington, D.C.

## FACTUAL AND STATUTORY BACKGROUND

21) Plaintiff submitted two FOIA requests, and defendants complied with neither of them.

## THE NATIONAL PARK SERVICE FOIA REQUEST

22) On January 8, 2024, plaintiff submitted a FOIA request to NPS requesting the following records:

> 1. All emails since January 1, 2020 about whether the William Penn statue should be removed from Welcome Park.
>
> 2. All emails since January 1, 2020 about the William Penn statue in Welcome Park that were sent to, or sent by, any representative of the Haudenosaunee, the Delaware Nation, the Delaware Tribe of Indians, the Shawnee Tribe and the Eastern Shawnee Tribe of Oklahoma.
>
> 3. All emails since January 1, 2020 about the William Penn statue that were sent to, or sent by, any employee, chief, tribal administrator, assistant tribal administrator, secretary, or treasurer of the Haudenosaunee, the Delaware Nation, the Delaware Tribe of Indians, the Shawnee Tribe and the Eastern Shawnee Tribe of Oklahoma.
>
> 4. All emails since January 21, 2021 mentioning the William Penn statue, that were sent to, or sent by, the Secretary of the Interior, the Deputy Secretary of the Interior, the Assistant Secretary of Interior for Indian Affairs, the Assistant Secretary for Fish and Wildlife and Parks, or the Solicitor of the Department of the Interior.
>
> 5. All emails since January 21, 2021 mentioning the William Penn statue that were sent to, or sent by, anyone in the Office of the Secretary of the Interior.
>
> 6. All emails since January 21, 2021 about the rehabilitation of Welcome Park that were sent to, or sent by, the Secretary of the Interior, the Deputy Secretary of the Interior, the

> Assistant Secretary of Interior for Indian Affairs, the Assistant Secretary for Fish and Wildlife and Parks, or the Solicitor of the Department of the Interior.
>
> 7. All emails since January 21, 2021 about the rehabilitation of Welcome Park that were sent to, or sent by, anyone in the Office of the Secretary of the Interior.
>
> 8. All emails since December 1, 2023 mentioning the William Penn statue that were sent to, or sent by, the Department of the Interior's Office of Communications or the National Park Service's Office of Communications.

23) The FOIA request was jointly submitted by plaintiff and the blog *Liberty Unyielding*.

24) The request asked NPS to "produce all covered emails through the date on which you process this request, not merely through the earlier date on which this request was submitted."

25) On January 12, 2024, the National Park Service sent a letter in response to plaintiff's FOIA request, saying, *inter alia*:

> The National Park Service (NPS) Freedom of Information Act (FOIA) Office received your FOIA request, dated January 8, 2024, on January 9, 2024, and assigned it control number DOI-NPS-2024-000421……
>
> Regarding items 4-7 of your request, the National Park Service is not the record holder and will not have the information you are requesting. We recommend submitting separate FOIAs to those groups.
>
> The FOIA requires that requests describe the records sought with sufficient detail to allow an agency employee familiar with the subject area of the request to locate the records with a reasonable amount of effort. Your request does not adequately describe the records sought; therefore, we are unable to process your request at this time. If you wish to pursue your request, please describe the records you seek sufficiently to enable a professional employee familiar with the subject to locate the existing records with a reasonable effort. For items 1, 2, 3 and 8, in order to conduct an electronic email search, we require the following:
>
> • Keywords
> • Custodians (via name, title, email domain, and/or office location)
> • Date range…
>
> You may appeal this response to the Department's FOIA/Privacy Act Appeals Officer.

26) The letter listed an email address to send appeals to, "FOIA.Appeals@sol.doi.gov."

27) On January 12, 2024, plaintiff appealed NPS's determination, sending it to FOIA.Appeals@sol.doi.gov in an email with a subject line beginning "FREEDOM OF INFORMATION APPEAL", stating, *inter alia*:

> On January 12, the National Park Service refused to process parts 1-3 & 8 of our FOIA request DOI-NPS-2024-000421, claiming that "Your request does not adequately describe the records sought; therefore, we are unable to process your request at this time."
> 
> But our request, which is attached, contained very clear subject matter, and specific date ranges, and in addition, for items 2, 3, and 8, also provided specific senders/ recipients.
> 
> Thus, it easily satisfied FOIA's requirement that requests reasonably describe the records sought.…the FOIA request contained a specific date range, and it was not required to contain specific keywords or custodians. For example, a court upheld as "reasonably described" a FOIA request seeking with no date range seeking literally all CIA records about Nelson Mandela, a famous public figure for many decades, regardless of the location in the world such records were found, or even what decade they were sent or received. *See Shapiro v. CIA*, 170 F. Supp. 3d 147, 152-54 (D.D.C. 2016).
> 
> That request, which complied with FOIA, stated, "I request disclosure of any and all records that were prepared, received, transmitted, collected and/or maintained by the [agencies] mentioning the deceased individual Rolihlahla Mandela (aka Nelson Mandela, aka Madiba, aka Tata)." It also expansively sought records found in "all electronic and paper/manual indices, filing systems, and locations," including "all of [agency] directorates."
> 
> Although that request was vaguer and broader than plaintiff's, the court found that the "request 'reasonably describes' the records" it sought given that "regardless of how onerous it might be to locate them, there can be no dispute about which items are being requested." That was true even though it covered records of all kinds in CIA offices around the world, unlike plaintiff's FOIA request only covers emails for a short, specified time period (since January 1, 2020 or December 1, 2023), and only when those emails are about very specific and limited subject matters, and (for most of those items), are with specific people or a specific office. *See Shapiro v. CIA*, 170 F. Supp. 3d 147, 152-54 (D.D.C. 2016)….
> 
> As you can see, these requests adequately describe the records sought, for the reasons given above. Thus, the records sought should be produced, and a search for them should be conducted, without us providing keywords, custodians, or date

ranges (we have already supplied date ranges, as well as subjects and senders/recipients that you can use to determine keywords and custodians if those truly are necessary for your search).

28) Neither NPS nor any other component or employee of DOI responded to plaintiff's appeal.

29) An agency must provide a valid determination on appeal in response to an administrative appeal within twenty working days after it receives the FOIA requester's appeal, *see* 5 U.S.C. § 552(a)(6)(A)(ii).

30) The 20-day deadline for responding to plaintiff's appeal expired on February 13, 2024.

31) But no determination has been issued in response to plaintiff's appeal.

32) Thus, NPS has failed to provide plaintiff with either the records requested in its FOIA request, or the determination in response to plaintiff's appeal mandated by 5 U.S.C. § 552(a)(6)(A)(ii).

33) Instead, NPS has improperly withheld agency records.

34) Plaintiff's FOIA request reasonably describes the records it sought.

35) Plaintiff's request was not unusually burdensome, compared to requests that the courts have found satisfied FOIA's reasonable description requirement. A request encompassing over 1,000,000 computerized records was valid because "[t]he linchpin inquiry is whether the agency is able to determine 'precisely what records [are] being requested." *Yeager v. DEA*, 678 F.2d 315, 322, 326 (D.C. Cir. 1982).

36) Searching for the specified categories of emails plaintiff requested would be a much more straightforward, precise, and well-defined task than manually looking through 803 separate files, which an appeals court found to be "reasonably described" and not "unreasonably burdensome." *Ruotolo v. Dept. of Justice*, 53 F.3d 4, 9-10 (2d Cir. 1995).

37) Plaintiff's FOIA request in this case is more clearly-defined than other FOIA requests by plaintiff that the courts have enforced over agency objections. *Bader Family Foundation v. U.S. Department of Education*, 630 F.Supp.3d 36 (D.D.C. 2022), ordered an agency to search for more emails about "school discipline" using not only the terms found in plaintiff's FOIA request, but also "obvious substitutes" for those terms, even though plaintiff had not provided any keywords or list of substitutes in its FOIA request; the court rejected the agency's claim that the FOIA request was "too vague" as so construed.

38) Due to NPS's failure to comply with the statutory deadline, plaintiff has exhausted administrative remedies, and can now sue.

39) FOIA provides that a requester is "deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i); *see CREW v. FEC*, 711 F.3d at 189.

40) Since NPS did not comply with FOIA's deadlines, it has waived the right to collect any fees for processing plaintiff's FOIA request.

41) In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011), this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" (emphasis added).

42) Moreover, it would be inappropriate to charge fees for an additional reason: the records sought in plaintiff's FOIA request are of great public interest, and producing them would be of public benefit, given the national news coverage about the controversy they relate

to. *See, e.g.,* Marc Levy, *Park Service retracts decision to take down William Penn statue at Philadelphia historical site*, Associated Press, Jan. 8, 2024 ("The National Park Service withdrew a proposal Monday to take down a statue of William Penn at a Philadelphia historical site as part of a renovation that touched off a torrent of criticism over the legacy of the man who founded the province of Pennsylvania.") (available at https://apnews.com/article/william-penn-statue-native-american-philadelphia-3ce31afc1db53ec55f7afbe50348cd86); Pilar Arias, *Biden admin removing William Penn statue in 'rehabilitation' of park commemorating founding of Pennsylvania; William Penn statue removal announced for park that sits on his former home*, Fox News, Jan. 7, 2024 (https://www.foxnews.com/us/biden-admin-removing-william-penn-statue-rehabilitation-park-commemorating-founding-pennsylvania).

43) Production of the requested records will make them available to the public. When agencies produce records to plaintiff or its counsel, those records are usually posted on the internet in whole or in part, and quoted in blog posts linking to those records[1], sometimes resulting in news coverage by media entities with large readerships.[2]

---

[1] *See, e.g.,* Bader, *Court orders release of records related to claim global warming causes severe winter cold*, Liberty Unyielding, March 18, 2016 (https://libertyunyielding.com/2016/03/18/court-orders-release-of-records-related-to-claim-global-warming-causes-severe-winter-cold) (posting agency records); Bader, *Biden administration knew its racial preferences were illegal*, Liberty Unyielding, Aug. 19, 2021, (https://libertyunyielding.com/2021/08/19/agriculture-secretary-knew-bidens-racial-preferences-were-unconstitutional) (posting Agriculture Department emails released to plaintiff).

[2] *See, e.g.*, Ashe Schow, *Biden Administration Knew Its Racial Preferences For COVID Relief Were Unconstitutional, Went Ahead Anyway*, Daily Wire, Aug. 21, 2021 (quoting & linking to records posted by the Liberty Unyielding blog that were produced in a Bader Family Foundation FOIA lawsuit) (available at https://www.dailywire.com/news/biden-administration-knew-its-racial-preferences-for-covid-relief-were-unconstitutional-went-ahead-anyway). Daily Wire stories have many readers. Similarweb states that the Daily Wire had 18.5 million visits to its web site in December 2023, a higher number than the Boston Globe and Baltimore Sun. *See* https://www.similarweb.com/website/dailywire.com/.

44) Plaintiff accordingly sought a fee waiver in its FOIA request.

45) Plaintiff has received no determination in response to its request for a fee waiver.

## THE DOI FOIA REQUEST

46) On January 8, 2024, plaintiff submitted a FOIA request to DOI requesting the following records:

> 1. All emails since January 1, 2021 about whether the William Penn statue should be removed from Welcome Park.
>
> 2. All emails since January 1, 2021 about the William Penn statue in Welcome Park that were sent to, or sent by, any representative of the Haudenosaunee, the Delaware Nation, the Delaware Tribe of Indians, the Shawnee Tribe and the Eastern Shawnee Tribe of Oklahoma.
> 3. All emails since January 1, 2021 about the William Penn statue that were sent to, or sent by, any employee, chief, tribal administrator, assistant tribal administrator, secretary, or treasurer of the Haudenosaunee, the Delaware Nation, the Delaware Tribe of Indians, the Shawnee Tribe and the Eastern Shawnee Tribe of Oklahoma.
>
> 4. All emails since January 21, 2021 mentioning the William Penn statue, that were sent to, or sent by, the Secretary of the Interior, the Deputy Secretary of the Interior, the Assistant Secretary of Interior for Indian Affairs, the Assistant Secretary for Fish and Wildlife and Parks, or the Solicitor of the Department of the Interior.
>
> 5. All emails since January 21, 2021 mentioning the William Penn statue that were sent to, or sent by, anyone in the Office of the Secretary of the Interior.
>
> 6. All emails since January 21, 2021 about the rehabilitation of Welcome Park that were sent to, or sent by, the Secretary of the Interior, the Deputy Secretary of the Interior, the Assistant Secretary of Interior for Indian Affairs, the Assistant Secretary for Fish and Wildlife and Parks, or the Solicitor of the Department of the Interior.
>
> 7. All emails since January 21, 2021 about the rehabilitation of Welcome Park that were sent to, or sent by, anyone in the Office of the Secretary of the Interior.
>
> 8. All emails since December 1, 2023 mentioning the William Penn statue that were sent to, or sent by, the Department of the Interior's Office of Communications.

47) The FOIA request was jointly submitted by plaintiff and the blog *Liberty Unyielding*.

48) The request asked DOI to "produce all covered emails through the date on which you process this request, not merely through the earlier date on which this request was submitted."

49) On January 9, 2024, DOI acknowledged receiving the FOIA request, in a letter that stated, *inter alia*,

> The Office of the Secretary (OS) FOIA Office received your FOIA request, dated January 8, 2024, on January 9, 2024 and assigned it control number DOI-OS-2024-000135….Your request falls into the "Normal" processing track for requests that would generally take six to twenty workdays to process….we are taking a 10-workday extension under 43 C.F.R. § 2.19…You can expect to hear from us promptly regarding the outcome of this search.

50) But plaintiff did not hear from DOI promptly about the outcome of this search.

51) To this day, plaintiff has received no information about the outcome of the search, and plaintiff has received no determination in response to its request.

52) FOIA, in 5 U.S.C. § 552(a)(6)(A)(i), requires an agency to make a determination in response to a FOIA request within 20 business days from its date of receipt.

53) Even if DOI were entitled to take a 10-workday extension under 43 C.F.R. § 2.19, it would still be required to make a determination within 30 business days of the date it received plaintiff's request.

54) So DOI should have issued a determination, at the very latest, by February 22, 2024.

55) But no such determination was issued as of the day this lawsuit was filed.

56) DOI has provided plaintiff with neither the records requested in its FOIA request, nor the determination in response to plaintiff's request mandated by 5 U.S.C. § 552(a)(6)(A)(i).

57) Thus, DOI improperly withheld agency records.

11

58) FOIA provides that a requester is "deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i).

59) Since DOI did not comply with FOIA's time limits for issuing a determination, plaintiff has exhausted its administrative remedies and can now sue for DOI's violation of the Freedom of Information Act.

60) Since DOI did not comply with FOIA's deadlines, it has waived the right to collect any fees for processing plaintiff's FOIA request. *See Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011).

61) Moreover, it would be inappropriate to charge any fees for an additional reason: the records sought in plaintiff's FOIA request are of great public interest, and producing them would be of public benefit, given the national news coverage about the controversy they relate to. When agencies produce records to plaintiff or its counsel, those records are usually posted on the internet in whole or in part, and quoted in blog posts linking to those records. *See* this Complaint, ¶¶ 42-43.

62) Plaintiff accordingly sought a fee waiver in its FOIA request.

63) In response, in its January 9 letter, DOI said it was unnecessary to address plaintiff's fee-waiver request, because it would not charge plaintiff for search or review costs, or the cost of up to 100 pages of photocopies, in any event:

> We classified you as a representative of the news media. As such, we may charge you for some of our duplication costs, but we will not charge you for our search or review costs; you also are entitled to up to 100 pages of photocopies (or an equivalent volume) for free. *See* 43 C.F.R. § 2.39. If, after taking into consideration your fee category entitlements, our processing costs are less than $50.00, we will not bill you because the cost of collection would be greater than the fee collected. *See* 43 C.F.R. § 2.37(g)….

You asked us to waive the fees for processing your request. Because of your entitlements, we do not anticipate there will be billable fees for processing your request, so there is no need for us to address your request for a fee waiver at this time.

## FIRST CLAIM FOR RELIEF

### Duty to Produce Records – Declaratory Judgment

64) Plaintiff re-alleges paragraphs 1-63 as if fully set out herein.

65) Defendants are improperly withholding agency records (both DOI and NPS).

66) Plaintiff asks this Court to enter a judgment declaring that:

   a. Plaintiff is entitled to the records described in its FOIA requests, and any attachments thereto;

   b. Defendants' processing of plaintiff's FOIA requests is not in accordance with the law, and does not satisfy Defendants' obligations under FOIA;

   c. Defendants have a duty to produce the records responsive to plaintiff's FOIA requests (both DOI and NPS);

   d. Defendants have a duty to produce them without charging any fees.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

67) Plaintiff re-alleges paragraphs 1-66 as if fully set out herein.

68) Plaintiff is entitled to injunctive relief compelling Defendants to issue a determination in response to each of plaintiff's FOIA requests;

69) Plaintiff is entitled to injunctive relief compelling Defendants to produce the records described in plaintiff's FOIA requests, without charging any fees (both DOI and NPS).

70) Plaintiff asks the Court to issue an injunction ordering Defendants to produce to plaintiff, within 10 business days of the date of the order, the records sought in plaintiff's FOIA requests, and any attachments thereto.

**THIRD CLAIM FOR RELIEF**
**Costs And Fees – Injunctive Relief**

71) Plaintiff re-alleges paragraphs 1-70 as if fully set out herein.

72) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

73) This Court should enter an injunction ordering Defendants to pay reasonable attorney fees and other litigation costs reasonably incurred in this case (an injunction against each of the Defendants, the DOI and NPS).

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other relief as the Court shall deem proper.

Respectfully submitted this 23rd day of February, 2024,

          /s/ Hans F. Bader
          Hans F. Bader
D.C. Bar No. 466545
hfb138@yahoo.com
1236 N. Stafford Street
Arlington, VA 22201
(703) 399-6738

Attorney for Plaintiff