UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BADER FAMILY FOUNDATION,

Plaintiff,

v.

DEPARTMENT OF THE INTERIOR, et al.,

Defendants.

Civil Action No. 24-0511 (CJN)

## ANSWER

Defendants United States Department of Interior ("Interior Department") and the National Park Service ("Park Service"), an agency of the Interior Department, hereby answer the Complaint (ECF No. 1) filed by Plaintiff Bader Family Foundation in this Freedom of Information Act ("FOIA") action.

All allegations in the Complaint, including the relief sought, are denied except when specifically admitted. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants respectfully refer this Court to those materials for a complete and accurate statement of their contents and deny any allegations inconsistent therewith; such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

In answer to the Complaint, Defendants admit, deny, or otherwise aver as follows:[1]

---

[1]   For ease of reference only, Defendants' Answer replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

1.      This paragraph does not contain allegations of fact but rather Plaintiffs' characterization of the present action, to which no response is required. To the extent that a response is deemed required, Defendants admit that Plaintiffs purport to bring this action pursuant to the FOIA, but otherwise deny the statements in this paragraph.

2.      This paragraph does not contain allegations of fact but rather Plaintiffs' characterization of the present action, to which no response is required. To the extent that a response is deemed required, Defendants admit that Plaintiffs purport to bring this action pursuant to the FOIA, but otherwise deny the statements in this paragraph.

3.      Defendants admit that, as of the date of the Complaint, they had not yet produced records responsive to Plaintiff's requests. The rest of this paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the remaining statements in this paragraph.

4.      This paragraph does not contain allegations of fact but rather purports to characterize and describe the FOIA, which speaks for itself and is the best evidence of its contents. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

5.      This paragraph does not contain allegations of fact but rather purports to characterize and describe a judicial decision, which speaks for itself and is the best evidence of its contents. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

6. Defendants admit that the Interior Department Office of the Secretary sent Plaintiff a letter acknowledging receipt of Plaintiff's request on January 9, 2024. The rest of this paragraph purports to describe and characterize this acknowledgement of receipt, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that acknowledgement for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

7. Defendants admit that, as of the date of the Complaint, the Interior Department Office of the Secretary has not yet produced responsive records for the FOIA request number DOI-OS-2024-000135, nor has it yet provided a final determination in response to that request, but deny the remaining allegations.

8. This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the statements in this paragraph.

9. Defendants admit that the Park Service acknowledged receipt of Plaintiff's FOIA request on January 12, 2024. The rest of this paragraph purports to describe and characterize Defendants' acknowledgement of receipt, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that acknowledgement for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

10. Defendants admit that Plaintiff appealed the Park Service's determination on January 12, 2024. The rest of this paragraph purports to describe and characterize Plaintiff's appeal, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the appeal for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

11.     This paragraph does not contain allegations of fact but rather purports to characterize and describe the FOIA, which speaks for itself and is the best evidence of its contents. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

12.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the statements in this paragraph.

13.     Defendants admit that, as of the date of the Complaint, the Park Service had not yet issued a final determination in response to Plaintiff's appeal.

14.     Defendants admit that, as of the date of the Complaint, the Park Service had not yet produced responsive records for the FOIA request number DOI-NPS-2024-000421, but deny the remaining allegations in this paragraph.

15.     This paragraph does not contain allegations of fact but rather Plaintiffs' characterization of the present action, to which no response is required. To the extent that a response is deemed required, Defendants admit that Plaintiffs purport to bring this action pursuant to the FOIA, but otherwise deny the statements in this paragraph.

**PARTIES**

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17.     Defendants admit that the Interior Department is a Federal agency, as defined in 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. The second sentence does not contain allegations of fact but rather conclusions of law, to which no response is required.

18.     Defendants admit that the National Park Service is a Federal agency, as defined in 5 U.S.C. § 552(f)(1); is a component of the Interior Department; and is headquartered in Washington, D.C. The second sentence does not contain allegations of fact but rather conclusions of law, to which no response is required.

## JURISDICTION AND VENUE

19.     This paragraph does not contain allegations of fact but rather conclusions of law regarding jurisdiction, to which no response is required.  To the extent that a response is required, Defendants admit that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms, conditions, and limitations of FOIA.

20.     This paragraph does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required.  To the extent that a response is deemed required, Defendants admit only that venue is proper in this judicial district.

## FACTUAL AND STATUTORY BACKGROUND

21.     Defendants admit that Plaintiff submitted a FOIA request to the Park Service, which was assigned number DOI-NPS-2024-000421, and a FOIA request to the Interior Department Office of the Secretary, which was assigned number DOI-OS-2024-000135. The remaining portion of this paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the remaining statements in this paragraph.

22.     Defendants admit that the Park Service received a FOIA request from Plaintiff on January 9, 2024. The rest of this paragraph purports to describe and characterize Plaintiff's FOIA request, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

23.     This paragraph purports to describe and characterize Plaintiff's FOIA request, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

24.     This paragraph purports to describe and characterize Plaintiff's FOIA request, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

25.     Defendants admit that the Park Service sent a letter dated January 12, 2024, to Plaintiff. The rest of this paragraph purports to describe and characterize this letter, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

26.     This paragraph purports to describe and characterize the letter dated January 12, 2024, that the Park Service sent to Plaintiff, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

27.     Defendants admit that Plaintiff appealed the Park Service's determination on January 12, 2024. The rest of this paragraph purports to describe and characterize Plaintiff's appeal, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the appeal for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

28.     Defendants admit that, as of the date of the Complaint, the Park Service had not yet issued a final determination in response to Plaintiff's appeal.

29.     This paragraph does not contain allegations of fact but rather purports to characterize and describe the FOIA, which speaks for itself and is the best evidence of its contents. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

30.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the statements in this paragraph.

31.     Defendants admit that, as of the date of the Complaint, the Park Service had not yet issued a final determination in response to Plaintiff's appeal.

32.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the statements in this paragraph.

33.     Denied.

34.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the statements in this paragraph.

35.     The first sentence of this paragraph does not contain allegations of fact but rather purports to describe and characterize Plaintiff's FOIA request, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. The second

sentence in this paragraph likewise does not contain allegations of fact but rather purports to provide an excerpt of and characterization of a judicial decision, which speaks for itself and is the best evidence of its contents. To the extent that a response is deemed required, Defendants respectfully refer the Court to the decision for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

36.    This paragraph does not contain allegations of fact but rather conclusions of law and characterizations of a judicial decision, to which no response is required. To the extent that a response is deemed required, Defendants deny the statements in this paragraph.

37.    This paragraph does not contain allegations of fact but rather conclusions of law and characterizations of a judicial decision, to which no response is required. To the extent that a response is deemed required, Defendants deny the statements in this paragraph.

38.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the statements in this paragraph.

39.    This paragraph does not contain allegations of fact but rather purports to provide an excerpt of and characterization of the FOIA, which speaks for itself and is the best evidence of its contents. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

40.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the statements in this paragraph.

41.     This paragraph does not contain allegations of fact but rather purports to provide an excerpt of and characterization of a judicial decision, which speaks for itself and is the best evidence of its contents. To the extent that a response is deemed required, Defendants respectfully refer the Court to the decision for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

42.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

43.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

44.     This paragraph does not contain allegations of fact but rather Plaintiff's characterization of the FOIA request, to which no response is required.

45.     Admitted as to the Park Service.

46.     Defendants admit that the Interior Department Office of the Secretary received a FOIA request from Plaintiff on January 9, 2024. The rest of this paragraph purports to describe and characterize Plaintiff's FOIA request, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

47.     This paragraph purports to describe and characterize Plaintiff's FOIA request, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

48.     This paragraph purports to describe and characterize Plaintiff's FOIA request, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

49.     Defendants admit that the Interior Department Office of the Secretary acknowledged receipt of Plaintiff's FOIA request on January 9, 2024, and assigned a Request Number. The rest of this paragraph purports to describe and characterize the acknowledgement of receipt, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that acknowledgement for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

50.     Denied.

51.     Defendants admit that, as of the date of the Complaint, the Interior Department Office of the Secretary had not yet issued a final determination in response to Plaintiff's request and deny that the Interior Department had not provided Plaintiff information about the search.

52.     This paragraph does not contain allegations of fact but rather purports to characterize and describe the FOIA, which speaks for itself and is the best evidence of its contents. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

53.     This paragraph does not contain allegations of fact but rather purports to characterize and describe the FOIA, which speaks for itself and is the best evidence of its contents. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

54.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the statements in this paragraph.

55.     Defendants admit that, as of the date of the Complaint, the Interior Department had not yet issued a final determination in response to Plaintiff's request.

56.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the statements in this paragraph.

57.     Denied.

58.     This paragraph does not contain allegations of fact but rather purports to provide an excerpt of and characterization of the FOIA, which speaks for itself and is the best evidence of its contents. To the extent that a response is deemed required, Defendants respectfully refer the

Court to the statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

59.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the statements in this paragraph.

60.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the statements in this paragraph.

61.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

62.    This paragraph purports to describe and characterize Plaintiff's FOIA request, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

63.    This paragraph purports to describe and characterize the Interior Department's letter dated January 9, 2024, sent to Plaintiff, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

## FIRST CLAIM FOR RELIEF

64.     Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint, as if set forth fully herein.

65.     Denied.

66.     This paragraph does not contain allegations of fact but rather Plaintiff's characterization of the relief sought, to which no response is required. To the extent that a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested.

## SECOND CLAIM FOR RELIEF

67.     Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint, as if set forth fully herein.

68.     Denied.

69.     Denied.

70.     This paragraph does not contain allegations of fact but rather Plaintiff's characterization of the relief sought, to which no response is required. To the extent that a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested.

## THIRD CLAIM FOR RELIEF

71.     Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint, as if set forth fully herein.

72.     This paragraph does not contain allegations of fact but rather purports to characterize and describe the FOIA, which speaks for itself and is the best evidence of its contents. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

73.     This paragraph does not contain allegations of fact but rather Plaintiff's characterization of the relief sought, to which no response is required. To the extent that a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of the litigation.

## FIRST DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions or exclusions to the FOIA.

## SECOND DEFENSE

The Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by FOIA.

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

## FOURTH DEFENSE

Defendants have exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to continue their processing of Plaintiff's FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

**FIFTH DEFENSE**

Plaintiff's FOIA request does not reasonably describe the records sought.

**SIXTH DEFENSE**

Plaintiff's claims are barred by its failure to exhaust administrative remedies properly or in a timely manner with respect to some or all of its claims.

\*       \*       \*

**SEVENTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: March 27, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:        */s/ Christina O'Tousa*
      CHRISTINA O'TOUSA, D.C. Bar #241667
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-2437
      christina.o'tousa@usdoj.gov

*Attorneys for the United States of America*